IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRUCE E. BESTWICK,                          )
                                            )
              Plaintiff,                    )
                                            )
        vs.                                 )   Civil Action No. 06-915
                                            )
JO ANNE B. BARNHART,                        )
Commissioner of Social Security,            )
                                            )
              Defendant.                    )

## O R D E R

AND NOW, this 17th day of September, 2007, upon consideration of Defendant's Motion for Summary Judgment (document No. 11) filed in the above-captioned matter on October 31, 2006,

IT IS HEREBY ORDERED that said Motion is DENIED.

AND, further, upon consideration of Plaintiff's Motion for Summary Judgment (document No. 9) filed in the above-captioned matter on October 11, 2006,

IT IS HEREBY ORDERED that said Motion is DENIED. IT IS FURTHER ORDERED that the above captioned matter is REMANDED to the Commissioner of Social Security ("Commissioner") for further evaluation under Sentence Four of 42 U.S.C. § 405(g) in light of this Order.

## I.    **Background**

Plaintiff, Bruce Bestwick, brings this action under 42 U.S.C. § 405(g) seeking review of the final determination of the

1

Commissioner of Social Security ("Commissioner") denying his application for Supplemental Security Income ("SSI").

Plaintiff filed an application for SSI on October 3, 2003, alleging disability due to a wrist injury and chronic obstructive pulmonary disease (COPD). (Tr. 16-17). After this application was initially denied, Plaintiff requested and received a hearing in front of an administrative law judge ("ALJ") which was held on December 5, 2005. In a decision dated January 6, 2006, the ALJ denied Plaintiff's request for benefits. (Tr. 20-21). The Appeals Council denied Plaintiff's request for review on May 26, 2006. (Tr. 7-10).

Having exhausted all of his administrative remedies, Plaintiff has timely filed a complaint in this Court. Consistent with the customary practice in the Western District of Pennsylvania, the parties have submitted cross motions for summary judgment and the record developed at the administrative proceedings.

## II.      **Standard of Review**

Judicial review of a social security case is based upon the pleadings and the transcript of the record. 42 U.S.C. § 405(g). The scope of review is limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact. See Matthews v. Apfel, 239 F.3d 589, 592 (3d Cir. 2001) ("[t]he findings of the Commissioner of

2

Social Security as to any fact, if supported by substantial evidence, shall be conclusive") (quoting 42 U.S.C. § 405(g)); Schaudeck v. Comm'r of Soc. Sec. Admin., 181 F.3d 429, 431 (3d Cir. 1999) (noting that the court has plenary review of all legal issues, and reviews the administrative law judge's findings of fact to determine whether they are supported by substantial evidence).

"Substantial evidence" is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999). However, a "single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by countervailing evidence." Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000). "Nor is evidence substantial if it is overwhelmed by other evidence - particularly certain types of evidence (e.g., that offered by treating physicians) - or if it really constitutes not evidence but mere conclusion." Id.

A disability is established when the claimant can demonstrate some medically determinable basis for an impairment that prevents him from engaging in any substantial gainful activity for a statutory twelve-month period. See Fargnoli v. Massanari, 247 F.3d 34, 38-39 (3d Cir. 2000). "A claimant is considered unable to engage in any substantial gainful activity 'only if his physical or mental impairment or impairments are of such severity that he is not

3

only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy....'" Id. at 39 (quoting 42 U.S.C. § 423(d)(2)(A)).

The Social Security Administration ("SSA") has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability as defined by the Act. See 20 C.F.R. § 416.920. In step one, the Commissioner must determine whether the claimant is currently engaging in substantial gainful activity. See 20 C.F.R. § 416.920(b). If so, the disability claim will be denied. See Bowen v. Yuckert, 482 U.S. 137, 140 (1987). If not, the second step of the process is to determine whether the claimant is suffering from a severe impairment. See 20 C.F.R. § 416.920(c). "An impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 920.921(a). If the claimant fails to show that his impairments are "severe," he is ineligible for disability benefits. If the claimant does have a severe impairment, however, the Commissioner must proceed to step three and determine whether the claimant's impairment meets or equals the criteria for a listed impairment. See 20 C.F.R. § 416.920(d). If a claimant meets a listing, a finding of disability is automatically

4

directed. If the claimant does not meet a listing, the analysis proceeds to steps four and five.

Step four requires the ALJ to consider whether the claimant retains the residual functional capacity to perform his past relevant work. See 20 C.F.R. § 416.920(e). The claimant bears the burden of demonstrating an inability to return to his past relevant work. See Adorno v. Shalala, 40 F.3d 43, 46 (3d Cir. 1994). If the claimant is unable to resume his former occupation, the evaluation moves to the fifth and final step.

At this stage, the burden of production shifts to the Commissioner, who must demonstrate that the claimant is capable of performing other available work in the national economy in order to deny a claim of disability. See 20 C.F.R. § 416.920(g). In making this determination, the ALJ should consider the claimant's residual functional capacity, his age, education, and past work experience. Id. The ALJ must further analyze the cumulative effect of all the claimant's impairments in determining whether he is capable of performing work and is not disabled. See 20 C.F.R. § 416.923.

III. **ALJ's Decision**

In the present case, the ALJ applied the sequential evaluation process when reviewing Plaintiff's claim for benefits. In particular, the ALJ found that Plaintiff had not been engaged in substantial gainful activity since his filing date. (Tr. 17). The ALJ also found that Plaintiff met the second requirement of having

5

severe impairments, specifically, degenerative disc disease, chronic obstructive pulmonary disease and residual limitations following a left wrist fusion.    The ALJ however, concluded that Plaintiff's impairments did not meet any of the listings in Appendix 1, Subpart P, Regulations No. 4.  (Tr. 17).

The ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform "light work that does not expose him to pulmonary irritants, frequent manipulation with his non-dominate [sic] hand, operation of foot controls, exposure to heights, climbing, use of dangerous machinery or balancing."  (Tr. 19).  Based on this RFC, the ALJ determined that Plaintiff could not return to his past relevant work and thus moved on to step five.  (Tr. 19). The ALJ then used a vocational expert ("VE") to determine whether or not there were a significant number of jobs in the national economy that Plaintiff could perform.  The VE testified that, based on Plaintiff's age, education, past relevant work experience, RFC, and work restrictions, Plaintiff can work as an unarmed guard, a cashier, a document preparer, a check cashier, and as a surveillance systems monitor.  (Tr. 20).  Accordingly, the ALJ found that Plaintiff was not disabled.

## IV.    **Discussion**

In the present case, Plaintiff raises two arguments. First, Plaintiff argues that the ALJ erred in not adequately explaining why Plaintiff's testimony was found to be less than fully

6

credible. Plaintiff argues that the ALJ did not fully analyze critical areas of medical evidence that supported Plaintiff's testimony. During the hearing, Plaintiff testified that his shortness of breath is the thing that limits him the most and he has to utilize a nebulizer at least four times a day. (Tr. 256 and 268). He stated that he has broken his left hand twice and continuously experiences 'sharp pains' in that hand, has dizzy spells, is only able to stand for about 15 to 20 minutes, sit down for 20 minutes to half an hour, lift between eight and ten pounds, lies down two to four times a day for a period of time varying from 20 minutes to about two hours, gets light-headed and loses his balance, falls twice a week, and blacks out about two to three times a day. (Tr. 253, 256-67).

The ALJ found that Plaintiff's testimony is not consistent with the evidence of record and noted that:

> [T]he claimant does have COPD following years of smoking. However, tests reveal his condition is mild. Therefore, his testimony that he can only walk to the mailbox is not credible. Further, tests reveal only mild degenerative changes in the claimant's lumbar region. There is nothing to suggest the claimant can sit or stand for only 15-20 minutes. Finally, the undersigned notes the claimant is 49 years old and has a very spotty work history.

Tr. 18.

The ALJ failed to cite to portions of the record that establish his spotty record; in fact, the work record seems to

indicate quite the opposite. As evidenced in Plaintiff's work history record, he has worked steadily from 1975 until 2000 and actually worked full time as a truck builder from 1993 to 2000 at Trinity Industries. In assessing Plaintiff's credibility, his testimony as to his symptoms alone will not suffice as conclusive evidence of disability, but it will be given weight provided it is supported by competent medical evidence such as "medically acceptable clinical or laboratory diagnostic techniques which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged." Chrupcala v. Heckler, 829 F.2d 1269, 1275 (3d Cir. 1987). Additionally, as Plaintiff has worked consistently for twenty-five years with his final job as a truck builder lasting for seven years, his testimony is entitled to substantial credibility. Taybron v. Harris, 667 F.2d 412, 415, n.6 (3d Cir. 1981) (citing Dobrowolsky v. Califano, 606 F.2d 403, 409 (3d Cir. 1979)).

Second, Plaintiff argues that the ALJ failed to properly consider the medical records containing the findings of Plaintiff's treating physician, Dr. Berlin. Specifically, Dr. Berlin's assessments of an MRI brain scan show that Plaintiff's brain was stable but abnormal with white matter consistent with encepilalomalacia and laden with small gliosis or leukoariosis. (Plaintiff's Brief in Support, Document No. 10, p. 5).

8

Additionally, a cervical MRI revealed that Plaintiff had a marked degenerative disc disease with spondylolytic changes at C3-4, C4-5, C6-7. Id. A lumbar MRI showed Plaintiff had a marked disc space narrowing at L5-S1 thus leading to marked degenerative disc disease at L5-S1. Id. Plaintiff disagrees with the ALJ's interpretation of Plaintiff's symptoms (termed as mild) and his results (termed as unremarkable).

"A cardinal principle guiding disability eligibility determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on a continuing observation of the patient's condition over a prolonged period of time.' Plummer, 186 F.3d at 429 (quoting Rocco v. Heckler, 826 F.2d 1348, 1350 (3d Cir.1987)) . . . ." Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (additional citations omitted). The ALJ must weigh conflicting medical evidence and can chose whom to credit, but "cannot reject evidence for no reason or for the wrong reason." Id. at 317, quoting Plummer, 186 F.3d at 429 (additional citations omitted). The ALJ must consider all medical findings that support a treating physician's assessment that a claimant is disabled, and can only reject a treating physician's opinion on the basis of contradictory, medical evidence, not on the ALJ's own credibility judgments, speculation or lay opinion. Morales, 225 F.3d at 317-318 (citations omitted).

Moreover, the Commissioner/ALJ must "explicitly" weigh all relevant, probative and available evidence. . . . [and] must provide some explanation for a rejection of probative evidence which would suggest a contrary disposition. . . . The [Commissioner] may properly accept some parts of the medical evidence and reject other parts, but she must consider all the evidence and give some reason for discounting the evidence she rejects. Adorno, 40 F.3d at 48 (citations omitted). See also Fargnoli, 247 F.3d at 42-43 (although ALJ may weigh conflicting medical and other evidence, he must give some indication of the evidence he rejects and explain the reasons for discounting the evidence"). Burnett, 220 F.3d at 121 (although the ALJ may weigh the credibility of the evidence, he must give some indication of the evidence which he rejects and his reason(s) for discounting such evidence).

In the present case, the ALJ relied almost exclusively on the report of the consulting physician, Dr. Schibli, and the vocational expert in determining the disability of the Plaintiff. Their findings conflicted with Dr. Berlin's findings. There is no indication that the ALJ accorded any weight to the treating source's evidence or that he considered it at all. Defendant argues that even though the ALJ "did not cite to Dr. Berlin's summary of [the MRI] . . . testing, he reviewed the test reports and properly concluded that these tests did not provide evidence of any disabling functional limitations." (Defendant's Brief in Support, Document

10

No. 12, p. 9). Defendant's argument is not convincing. The ALJ's report only acknowledges a "series of MRIs and an EEG" which were deemed to be unremarkable. (Tr. 18). As noted earlier, Dr. Berlin's records describe Plaintiff's degenerative disc disease as 'marked', while the ALJ describes it as mild. A "marked" limitation has the distinct meaning of "more than moderate, but less than extreme." 20 C.F.R. Pt. 404, Subpt. P. It is unclear as to whether Dr. Berlin's use of the word 'marked' to describe Plaintiff's degenerative disc disease has the same meaning as the regulatory definition. However, it is clear that the ALJ did not discuss Dr. Berlin's findings in any regard. The ALJ failed to explicitly reject, reconcile, or even mention relevant and probative medical records of the Plaintiff's treating source thus leaving the Court "to wonder whether he considered and rejected them, considered and discounted them, or failed to consider them at all." Fargnoli, 247 F.3d at 43-44. As such is the case, the Court must remand for further and fuller consideration.

## V.      Conclusion

The Court has reviewed the ALJ's findings of fact and decision, and determines that his finding as to the credibility of Plaintiff's testimony, the spottiness of plaintiff's work record, and the treating source's medical records is not supported by substantial evidence. This Court cannot resolve the conflicts in the evidence, but instead must remand to the fact finder for

reconsideration with the instruction to the Commissioner to give
appropriate weight to the treating source's assessments and to
Plaintiff's testimony. Accordingly, the Court denies the parties'
cross-motions for summary judgment and remands this matter for
reconsideration consistent with this Order.

s/Alan N. Bloch
United States District Judge

ecf:    Counsel of record

12